IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No: 1:24-MJ-80 |
| NATHAN JONES, ) | |
| ) | |
| *Defendant.* ) | |

FILED
IN OPEN COURT

OCT 29 2024

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## STATEMENT OF FACTS

The United States and Defendant, NATHAN JONES (Defendant), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence, and which establish the elements of the offense of 49 U.S.C. § 46314(a):

1. On or about March 3, 2024, the Defendant was a passenger aboard Alaska Airlines Flight 322 with nonstop service from San Diego, California to Dulles International Airport in Dulles, Virginia, which is within the special aircraft jurisdiction of the United States and within the Eastern District of Virginia.

2. During the flight, the Defendant got out of his assigned seat, seat 6E, multiple times. He made three separate attempts to go to the front of the plane and open the aircraft's cockpit door while the pilot was flying the plane. Despite the flight attendants' attempts to direct him back to his seat and warnings to stay away from the cockpit, the Defendant continued to attempt to access it, leading the flight attendants to request assistance from several off-duty law enforcement officers who were passengers on the plane.

3. These officers sat on either side of the Defendant for the remainder of the flight, restraining him in flex cuffs. The Defendant told the flight attendants he had attempted to access the cockpit because he was "testing them."

4. The flight deck was locked down for the remainder of the flight, and the flight attendants blocked the cockpit door with a beverage cart.

5. After the flight landed, the FBI discovered that the defendant had a pilot's license and was in flight school and that he was carrying numerous notes about how to fly planes with him in a notebook in his luggage.

6. The Defendant's attempt to enter the cockpit on the aircraft was in violation of security requirements proscribed under § 44903(b) and (c).

7. The Defendant intended to enter the cockpit, knowing that it was the area where the pilot was flying the plane, and knowing that he was not permitted to do so, and his attempted entry of the cockpit was not a mistake or accident.

8. This Statement of Facts includes those facts necessary to support the Plea Agreement between Defendant and the United States. It does not include every fact known to Defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding Defendant's case.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____
April N. Russo
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Office: (703) 299-3919
Email: april.russo@usdoj.gov

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, NATHAN JONES, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
NATHAN JONES

I am Robert Jenkins, Defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Robert L. Jenkins, Jr.
Attorney for NATHAN JONES